IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:14-CV-18-FL

| | | |
|---|---|---|
| ALAN M. DI SCIULLO, MARY JO DI SCIULLO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| GRIGGS & CO. HOMES, INC.; DANIEL KEN GRIGGS; and DEBORA R. GRIGGS, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court upon a host of motions addressed below, with benefit of telephonic hearing this date.

BACKGROUND

On January 16, 2015, plaintiffs filed untimely a motion to compel (DE 45), in contravention of the court's case management order. Upon notice of this error, plaintiffs sought on January 19, 2015, to withdraw the motion. (DE 47). On January 26, 2015, the court set the discovery dispute for conference by telephone on February 4, 2015, in accordance with the case management order.

One day later, on January 27, 2015, defendants filed a motion for extension of time to complete discovery and move to amend pleadings, (DE 49), to which defendants responded in opposition. (DE 50).

By way of further background, pursuant to the case management order entered August 4, 2014, all discovery is to be commenced or served in time to be completed by February 15, 2015, and

any motion to amend was due well over four months ago, by September 15, 2014. All potentially dispositive motions are due to be filed by March 15, 2015.

COURT'S DISCUSSION

A.    Motion to Compel (DE 45)

The court started the proceeding today with reference to the motion to compel, inquiring of the parties if the disputed issues now stand resolved. They do not. Accordingly, the court denies the motion to withdraw, (DE 47), and proceeds to consider the merits of the motion with benefit of defendants' oral arguments in opposition thereto

1.    Depositions

After hearing further, the court ordered the deposition of Debora R. Griggs to go forward at the Raleigh offices of plaintiffs' counsel on Monday, March 9, 2015. That will be followed by the depositions of plaintiffs, which may extend into the following day. Confirmation was received as to availability of plaintiffs during pendency of the conference and hearing. Issues concerning depositions now are decided, obviating in this part need to address further issues concerning depositions raised on motion to compel.

2.    Written Discovery

Plaintiffs were heard to complain about defendants' method of responding to Interrogatory nos. 14 and 15, with reliance on approximately 5,000 documents produced through two separate productions in answer, and then required to be organized by plaintiffs. Plaintiffs have by now applied a computer program to sort the documents, it was reported. Where it appears issues concerning Interrogatory nos. 14 and 15 are resolved, this part of the motion also is dismissed as moot.

2

Request for Production nos. 37, 41, 42, and 43 also are at issue. Defendants have objected to each request, variously seeking federal and state tax returns for 2007 to 2013 (no. 37); bank statements for July 2012 through August 2013, for any account in which any portion of any payment made by plaintiffs was deposited (no. 41); and electronic copies of all computer-based bookkeeping files and paper copies of all non-computer and computer-based bookkeeping files , without date specificity, in their native formats (nos. 42-43).

Having considered arguments in support of and in opposition to this part of the motion to compel, the court sustains defendants objections to request nos. 42 and 43, as overly broad. It sustains defendants' objection to no. 37 in part, ordering defendants to respond with respect to returns for the years 2011-2013. Defendants are ordered to respond in full to request no. 41.

3.    Mediation

As to the issue of mediation, addressed in part in the motion to compel and more fully at hearing, if the parties have agreed to a particular mediator, that agreement should be adhered to. The court leaves it to the parties to finalize and establish these arrangements. Previously the parties agreed to extend mediation until early March, after completion of the depositions discussed above, so noticed here.

The court now orders the parties to file by the close of business February 11, 2015, your statement as to whether there is agreement to mediation at a date, time, and place certain. If your statement evidences no agreement, the court will order mediation to take place at the courthouse at New Bern before retired Magistrate Judge Ken McCotter after depositions in March 2015.

For the above reasons, the motion to compel is granted in part, denied in part, and dismissed in part. Each party shall bear its own costs.

3

B.     Motion For Extension of Time For Discovery And To Amend (DE 49)

1.     Discovery

The instant suit was filed March 21, 2014.  Eventually the pleadings were framed after some machinations described on the record, where entry of default against defendants Griggs & Co. Homes, Inc. and Daniel Ken Griggs was set aside, on motion made by counsel C. Everett Thompson, II.  Debora R. Griggs then separately was proceeding *pro se.*

As early as August 13, 2014, the record evidences involvement in the case by another attorney, Steven C. Lawrence, retained to provide counsel to all three defendants.   Mr. Lawrence wrote that date to Walter L. Tippett, counsel for plaintiff, announcing his retention and asking informally for certain documents.  He also informed that the case management order in effect would not allow him enough time to complete discovery.  Mr. Lawrence's letter was responded to a week later by Mr. Tippett, addressing Mr. Thompson as well.  Mr. Tippett offered that plaintiffs likely would oppose motions introducing perceived further delay in the case.

At hearing today defense counsel indicated a number of informal requests for documentation were made by him as events unfolded in the second half of 2014, which opposing counsel countered had not been understood as specific requests for documentation.  Counsel for defendant, Mr. Lawrence (Mr. Everett did not appear) also mentioned not receiving complete initial disclosures. This representation was met with a reading of the initial disclosures response by plaintiffs which among other things offered access for copying to categories of documentation and discussed damages.  It was not apparent if Mr. Everett, whose appearance was not noticed until September 11, 2014, has reviewed the initial disclosures made to defendants through Mr. Everett.

On January 27, 2015, the instant motion was made, in tandem with service of written

4

discovery. Plaintiffs complains that such delay in service of written discovery runs afoul of the case management order. It does but only by a matter of days. In its discretion, where discovery is ongoing, and depositions will not be taken until next month, the court permits an extension of the discovery period for the purpose of defendants securing responses to the written discovery recently propounded in advance of the depositions of plaintiffs and defendant Debra R. Griggs. In this part, the motion is allowed. Of its own initiative, the court extends the deadline for filing dispositive motions to April 20, 2015.

    2.    Pleadings Amendment

Moreover, defendants now seek to extend the deadline for amending their responsive pleadings until conclusion of discovery. Counsel was well aware his efforts to amend the scheduling order would be met with opposition as early as August 2014, on a date before the deadline had elapsed. His delay now in the making of any motion to amend well after the expired deadline appears rooted in preference and past practices, as he described, where in state court the parties do not usually have a deadline for amending the pleadings until after the close of discovery.

Without commenting on state court practices, this court's order was abundantly clear that the deadline for moving to amend pleadings in this case would elapse five months before the conclusion of the discovery period, on a date about a month before his correspondence was sent informing the opposition that the case management order did not meet defendants' needs.

There is nothing that excuses counsel's failure then to move for an extension of time to make any motion to amend, or to conduct discovery. As provided in the court's case management order: "Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance

5

is denied." Defendants unfortunately overlook the fact that court orders setting deadlines have meaning.

Under the Federal Rules of Civil Procedure, a party who requests leave to amend after the date specified in the case management order must satisfy two prerequisites. The party must demonstrate first that there is some "good cause" why the court should not adhere to the dates specified in the scheduling order. FED. R. CIV. P. 16(b); see Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987). If the party shows "good cause" to the court's satisfaction, the party must then demonstrate that leave to amend is proper under Rule 15(b). Id.

To demonstrate "good cause" the amending party must show why the deadline in the scheduling order could not "reasonably be met despite the diligence of the party seeking the extension." Forstmann, 114 F.R.D. at 85 (quoting FED. R. CIV. P. 16(b) & advisory committee's note). "Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a)." Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C.1997). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). Consistent with the diligence requirement, carelessness, inadvertence, mistake or neglect do not constitute good cause for amending the pleading after the date specified in the scheduling order. Dilmar Oil Co., Inc., 986 F. Supp. at 980 (citing Johnson, 975 F.2d at 609); Carnrite v. Granada Hosp. Group, Inc., 175 F.R.D. 439, 447 (W.D.N.Y.1997).

In this case, defendants have failed to demonstrate good cause for modifying the scheduling

6

order to allow a motion at this late date to amend the complaint. As such, the motion to amend is denied with one exception. There is now unified opposition to plaintiffs' demands, as evidenced by entry of counsel on the record September 11, 2014, on behalf of all defendants. To the extent defendants would seek formally to align the response of defendant Debora R. Griggs, who answered *pro se* May 9, 2014, with the answer and counterclaim of the other defendants, filed July 30, 2014, in this part amendment will be allowed.

SO ORDERED, this the 4th day of February, 2015.

LOUISE W. FLANAGAN
United States District Judge