IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:14-CV-18-FL

ALAN M. DI SCIULLO, and )
MARY JO DI SCIULLO, )
                              )
         Plaintiffs, )
                              )
        v. )                 ORDER
                              )
GRIGGS & CO. HOMES, INC., )
DANIEL KEN GRIGGS, and )
DEBORA R. GRIGGS, )
                              )
        Defendants. )

This matter is before the court on a myriad of the following motions in limine filed by

defendants, seeking to exclude 1) bills related to landscaping and painting (DE 97); 2) evidence of

criminal charges against defendant Daniel Ken Griggs ("Ken Griggs") and of disciplinary actions

taken by the North Carolina Licensing Board for General Contractors (DE 94); 3) certain line item

expenses in defendants' business account (DE 92); and 4) evidence an advance deposit was to be

held separately and the parties' contract[1] was anything other than a cost plus contract (DE 93).

The issues raised have been briefed fully, and in this posture are ripe for ruling.

**DISCUSSION**

The case background having been set forth in prior orders, here the court turns to a

discussion of the applicable standard in preface to its consideration of each motion raised.

---

[1] References to the parties' contract refer to the construction contract executed on July 18, 2012, by defendant
Ken Griggs, as president of defendant Griggs & Co. Homes, Inc., and plaintiffs Alan Di Sciullo and Mary Jo Di Sciullo
(the "Contract"). (DE 1-1).

A.    Standard for Relevance

Although defendants' motions in limine rely upon, and implicate, various Federal Rules of Evidence ("Rules"), all of defendants' motions seek to exclude evidence pursuant to Rules 402 and 403.  "Rule 402 provides that all relevant evidence is admissible, except as otherwise provided by the United States Constitution, by Act of Congress, or by applicable rule."  United States v. Abel, 469 U.S. 45, 50–51 (1984).  Rule 401 defines "relevant evidence" as having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  See id.

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  Analysis under this rule "entails a dual inquiry."  Mullen v. Princess Anne Volunteer Fire Co., 853 F.2d 1130, 1133 (4th Cir. 1988).  First, the court must "look to the probative value of the evidence on the question" sought to be proved.  Id.  Second, the court must  "examine the possibility that the evidenc e will cause unfair prejudice to the defendant" or other "harmful consequences."  Id.

Rule 403 properly is applied "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and that risk is disproportionate to the probative value of the offered evidence."  United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996) (internal quotations omitted).  Evidence should be excluded pursuant to Rule 403 "only sparingly."  Id.  "Unfair prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence."  United States v. Mohr, 318 F.3d 613, 619 (4th Cir. 2003).  Evidence need only be excluded if it "damages an opponent for reasons other than its

2

probative value, for instance, an appeal to emotion, and only when that unfair prejudice substantially outweighs the probative value of the evidence." Id.

B.      Motions in Limine

1.      Evidence of Bills for Landscaping and Painting

Pursuant to Rules 402 and 403, defendants seek to exclude the following evidence:

1.      A bill from Tucker Landscaping in the amount of $18,203.56.
2.      A bill from Yuri Recinos regarding painting performed on the Plaintiff's home.
3.      Any additional bills for painting performed on the Plaintiffs' home.

(DE 97, 1).  Defendants argue that the landscaping bills are irrelevant on the basis that "the landscaping work performed by Tucker Landscaping was performed after Griggs Homes was terminated from the project and no longer on site."  (Id.).  In particular, defendants allege that defendant Griggs & Co. Homes, Inc., did not hire Recinos, and "that it was either the Di Sciullos or the painter that they individually contracted subsequent to John Lifsey's departure from the project."  (Id.).      Plaintiffs respond that all three pieces of evidence are relevant to "the amounts they have paid to various individuals and entities in order to complete their home as they contemplated it would be completed when they entered into the contract."  (DE 101, 3–4).

Plaintiffs allege that they were damaged when they had to hire other contractors to complete landscaping and painting their house after defendants breached the Contract, which they allege included such tasks.  Accordingly, the evidence is relevant under Rule 401 because the bills show monetary costs plaintiffs incurred to complete or remedy those tasks.  Defendants' argument that the bills are irrelevant because the costs were incurred after they left the work site is inapposite.  The value of repairs required after defendants left the work site goes towards the issue of damages; and

3

it is a question of fact for the jury to decide, as part of its deliberations on plaintiffs' contract claim, whether defendants caused these particular damages.

This evidence is significantly probative under Rule 403. If the jury determines that defendants caused damages related to landscaping and painting, then evidence of bills for repairs of those projects will tend to show the monetary value of plaintiffs' damages. Such evidence does not damage defendants "for reasons other than its probative value, for instance, [by] an appeal to emotion," see Mohr, 318 F.3d at 619, nor is it likely to excite "irrational behavior" in the jury. See Aramony, 88 F.3d at 1378. Therefore, on balance, the risk of prejudice is not disproportionate to the value of the bills as evidence of damages. Accordingly, the court denies defendants' motion to exclude evidence of the bills for painting and landscaping.

2.      Evidence of Criminal Charges Against Defendant Ken Griggs, and Evidence of Disciplinary Action by the North Carolina Licensing Board for General Contractors

Pursuant to Federal Rules of Evidence 402, 403, and 609, defendants seek to exclude evidence regarding defendant Ken Griggs's plea and deferred prosecution related to a criminal charge against him for possession and distribution of marijuana. Defendants also seek to exclude any decisions by the North Carolina Licensing Board for General Contractors (the "Board") related to construction projects other than the one at issue here.

a.      Evidence of Criminal Charges Against Defendant Ken Griggs

Defendants seek to exclude this evidence pursuant to Rules 402, 403, and 609. Plaintiffs respond that Rule 609 is inapplicable as a basis for exclusion because they do not intend to introduce the evidence for impeachment purposes, which is governed by Rule 609, but rather as relevant evidence under Rules 401, 402, and 403. Plaintiffs argue that the evidence is essential support for their theory for piercing the corporate veil against defendant Ken Griggs. In particular, they argue

4

that evidence of criminal charges for illegally selling narcotics tends to show that defendant Ken Griggs siphoned funds from defendant Griggs & Co. Homes, Inc.

Rule 609 applies to "attack[s] [on a] witness's character for truthfulness by evidence of a criminal conviction." Rule 609 is inapposite here, where plaintiffs do not propose to attack defendant Ken Griggs's character for truthfulness, but rather intend to use the evidence to attempt to establish certain elements of their claims. Moreover, it is not clear that an order of arrest constitutes a criminal conviction, especially where defendant Ken Griggs's charges were disposed of through a conditional discharge agreement, leading to their ultimate dismissal under N.C. Gen. Stat. § 90-96. See United States v. Deal, 508 U.S. 129, 132 (1993) ("[C]onviction refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction."). But see State v. Hasty, 133 N.C. App. 563 (1999) (finding guilty plea under N.C. Gen. Stat. § 90-96 to be a conviction for purposes of the Structured Sentencing Act, N.C. Gen. Stat. § 15A-1340.10). Accordingly, the court declines to grant defendants' motion on the basis of Rule 609.

The theory of alter ego rests upon the principle that an individual member of a limited liability company or an officer of a corporation may be held personally liable for the actions of the business entity if the corporate veil is pierced. See Glenn v. Wagner, 313 N.C. 450, 454 (1985) ("It is well recognized that courts will disregard the corporate form or 'pierce the corporate veil,' and extend liability for corporate obligations beyond the confines of a corporation's separate entity, whenever necessary to prevent fraud or to achieve equity."). "Evidence upon which we have relied to justify piercing the corporate veil includes inadequate capitalization, noncompliance with corporate formalities, lack of a separate corporate identity, excessive fragmentation, siphoning of

5

funds by the dominant shareholder, nonfunctioning officers and directors, and absence of corporate records." Green v. Freeman, 367 N.C. 136, 145 (2013).

Plaintiffs argue that evidence of the order of arrest is relevant because it is probative of plaintiffs' alter ego theory that defendants Ken and Debora Griggs siphoned funds from defendant Griggs & Co. Homes, Inc.  In support of their argument, plaintiffs assert that the order of arrest shows the date of defendant Ken Griggs's narcotics offense to be June 3, 2013.  The parties terminated their contractual relationship some time later that month.  (See DE 58-8, 144:2–8).  Accordingly, plaintiffs argue, the timeline of events makes evidence of the order of arrest probative of their theory for alter ego during the time the parties' Contract was in effect.

Plaintiffs fail to establish that this evidence is relevant to their remaining claims.  The act of illegally selling narcotics is very dissimilar from the theory of alter ego.  Plaintiffs assert that they will show that defendant Ken Griggs used funds from their construction project for purposes of supporting his illicit activity.  Plaintiffs forecast that they will support this charge with evidence that an account tied to defendant Griggs & Co. Homes, Inc. reflected charges at "a jewelry store, a high-end steak house, TJ Maxx, a dentistry office, a Redbox DVD Rental Center, a wine store, and an eye center."  (DE 86, 9).  However, this showing would be insufficient to establish relevance pursuant to Federal Rule of Evidence 401.

Moreover, the probative value of the evidence is minimal for purposes of Federal Rule of Evidence 403, because the acts of siphoning funds and illegal distribution of narcotics are dissimilar in nature.  There is significant risk of unfair prejudice towards defendant Ken Griggs where evidence showing illegal distribution of narcotics "tends to subordinate reason to emotion in the fact-finding

6

process." See Westfield Ins. Co. v. Harris, 134 F.3d 608, 614 (4th Cir. 1998). Accordingly, defendants' motion to exclude evidence of the order of arrest for defendant Ken Griggs is granted.

           b.        Evidence of Disciplinary Action by the Board

Defendants seek to exclude also any decisions by the Board related to construction projects other than the one at issue here. In particular, defendants seek to exclude evidence of decisions of the Board following several complaints filed by one individual, Peter Pinto. Plaintiffs respond that the evidence is admissible pursuant to Rule 608 because it relates to the credibility of defendant Ken Griggs as a witness.

Under Rule 608, "[a] witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness." However, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Nevertheless, the court "may, on cross-examination, allow [specific instances of conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of the [testifying] witness." Id. Rule 608 permits inquiry only into instances that are "clearly probative of truthfulness or untruthfulness, such as perjury, fraud, swindling, forgery, bribery, and embezzlement." United States v. Leake, 642 F.2d 715, 718 (4th Cir. 1981) (quotations omitted). The Fourth Circuit has found that this list is not exhaustive. United States v. Whitehead, 618 F.2d 523, 528–29 (4th Cir. 1980).

With regard to the underlying conduct causing the Board's discipline rulings, plaintiffs assert that "[d]efendants' past disciplinary action with the Board related to Defendants' construction of homes without obtaining the necessary permits, overcharging of past clients, and misrepresentations made by Defendants to past clients." (DE 86, 7). Defendants argue that the evidence does not have

7

a bearing on truthfulness, and that it would prejudice defendant Ken Griggs by bringing in conclusions of an administrative board which conducts inquiries under different standards than federal courts.

On the showing made, the court cannot take up now and decide this issue. Prior to permitting reference to, or admission of, evidence of the Board's administrative decisions, the court will conduct a review of plaintiffs' proffered evidence and hear further from the parties in order to determine its relevancy and admissibility, outside the presence of the jury. Therefore, the court holds in abeyance defendants' motion to exclude this evidence.

3.      Evidence of Line Item Expenses in Defendants' Business Account

Pursuant to Rules 402 and 403, defendants seek to exclude testimony, evidence, and argument regarding the following issues:

> Evidence or contentions that the Defendants have misapplied funds paid by the Plaintiffs for the cost of construction of their home, that they mishandled their business account in any way, or that Defendants have been "unjustly enriched" by spending money from the draws obtained for the construction of the Di Sciullo home on other projects or personal items.

(DE 92, 1). In support of their motion, defendants argue that evidence of certain line item expenses from their business account is not relevant to plaintiffs' claim for breach of contract. Rather, defendants allege that they used their business account in a manner in keeping with "[t]he common practice of a closely held family corporation in paying from their general business account personal expenses." (DE 92, 2). Lastly, defendants argue that presentation of such evidence would confuse the jury. Plaintiffs respond that evidence plaintiffs misapplied or mishandled funds is relevant to their other remaining claims, such as unjust enrichment.

8

Evidence of the subject transactions does not without more have a tendency to prove the existence of elements related to plaintiffs' claims, such as the meaning of specific contract provisions or damages resulting to plaintiffs from alleged breach of those provisions. See Cantrell v. Woodhill Enters., Inc., 273 N.C. 490, 497 (1968) (stating elements of a claim for breach of contract). Plaintiffs' argument that the evidence is relevant to their claim against defendants for unjust enrichment is inapposite, where the substance of that claim turns upon interpretation of the same contract involved in plaintiffs' claim for breach of contract. (See "Complaint," DE 1 ¶ 63) ("Through the use of the Contract . . . to obtain the benefit of the Misappropriated Funds for personal benefit, Defendants have been unjustly enriched."). Accordingly, evidence of line item expenses in defendants' business account is irrelevant for purposes of Rule 401, and it is inadmissible pursuant to Rule 402. Therefore, on the showing made, the court grants defendants' motion to exclude such evidence.

4. Evidence That the Advance Deposit Was to Be Held Separately, and Evidence That the Contract Was Anything Other Than a Cost Plus Contract[2]

Pursuant to Federal Rules of Evidence 402 and 403, defendants seek to exclude evidence "[t]hat the $55,000.00 deposit, which was specifically described in the Contract as an 'advance for fees' on the project, was to be separately held and not utilized for construction costs throughout the entire construction of the Plaintiffs' home." (DE 93, 1). In addition, defendants seek to exclude evidence "that the subject construction contract was a 'sum certain' contract or anything other than a 'cost plus' contract." (Id.).

---

[2] In the context of construction projects, a cost plus contract is a contract "in which the owner pays to the builder the actual costs of material and labor plus a fixed percentage over that amount." Black's Law Dictionary 393 (10th ed. 2014).

9

In support of their motion, defendants rely on <u>Barrett Kays & Associates., P.A. v. Colonial Building Company, Inc. of Raleigh</u>, 129 N.C. App. 525 (1998), for the principle that, "[w]hen a contract is free from ambiguity . . . the trial court determines its meaning as a matter of law." <u>Id.</u> at 528. Applying that principle here, defendants argue, requires the court to construe as a matter of law the portion of the Contract pertaining to the advance deposit. Specifically, defendants argue that the clear language of the Contract does not require defendant Griggs & Co. Homes, Inc. to have set aside the deposit for the entire period of construction. Defendants make a similar argument with respect to the Contract being a cost plus contract, arguing that its title, "North Carolina Cost-Plus Contract," designates it as such, to the exclusion of any other interpretation.

Plaintiffs respond that the evidence cited by defendants is relevant to their claim for breach of contract. They argue that defendants' reliance on a theory of contract law under <u>Barrett Kays & Associates, P.A.</u> is misplaced in the context of a motion in limine, and that even if it were not, parties in a contract dispute may introduce evidence beyond the contractual language to show a subsequent modification or amendment to the Contract.

A claim for breach of contract requires a plaintiff to show "the existence of a contract between plaintiff and defendant, the specific provisions breached, [t]he facts constituting the breach, and . . . damages resulting to plaintiff from such breach." <u>Cantrell</u>, 273 N.C. at 497 (1968); <u>see also</u> <u>Morgan's Ferry Prods., LLC v. Rudd</u>, 18 Fed. App'x 111, 112 (4th Cir. 2001) ("Under North Carolina law, a breach of contract claim must allege that a valid contract existed between the parties, state that defendant breached the terms thereof, explain the facts constituting the breach, and specify the damages resulting from such breach.").

The specific provisions breached, and the facts constituting the breach, are facts of consequence to the determination of an action for breach of contract. See Cantrell, 273 N.C. at 497. Evidence showing that the advance deposit was to be held separately, and evidence that the Contract was something other than a cost plus contract, is relevant under Rule 401 because it tends to make more or less probable interpretations of certain provisions in the Contract that, depending upon their interpretation, may or may not have been breached. As relevant evidence, it is admissible pursuant to Rule 402.

With respect to analysis under Rule 403, evidence of different interpretations of contested terms of the Contract is highly probative of "the specific provisions breached," and "[t]he facts constituting the breach." See Cantrell, 273 N.C. at 497. Evidence of competing interpretations of certain provisions is not prejudicial "for reasons other than its probative value, for instance, [by] an appeal to emotion." See Mohr, 318 F.3d at 619. Accordingly, Rule 403 does not bar admission of the evidence because its tendency to prove elements of plaintiffs' claim for breach of contract is not outweighed by danger of unfair prejudice.

The court finds unavailing defendants' argument that the court should construe the provisions in dispute on the basis that they are free from ambiguity. Defendants rely upon Barrett Kays & Associates, P.A. for this principle, but they fail to note another relevant point from that case:

> An ambiguity exists in a contract if the language of a contract is fairly and reasonably susceptible to either of the constructions asserted by the parties. In other words, a contract is ambiguous when the writing leaves it uncertain as to what the agreement was. When an agreement is ambiguous and the intention of the parties is unclear, interpretation of the contract is for the jury.

Id. (internal quotations omitted). In its order on defendants' motion for partial summary judgment, this court indicated previously that different, reasonable interpretations of the disputed terms existed.

11

(DE 74, 19) ("[D]efendants acted according to their interpretations of the agreement and . . . . [t]he proper context for considering such evidence is plaintiffs' claim for breach of contract.") (citing N.C. Gen. Stat. § 25-2-202; Root v. Allstate Ins. Co., 272 N.C. 580, 590 (1968)). Moreover, defendants' reliance upon "the industry standard" for their interpretation of the disputed provisions, (DE 93, 2), indicates that the meaning of those provisions is not clear on their face. For these reasons, and those stated above, the court denies defendants' motion to exclude evidence that the advance deposit was to be held separately, and that the Contract was anything other than a cost plus contract.

## CONCLUSION

Based on the foregoing discussion, defendants' motions in limine at issue here are resolved as follows:

1.    Motion to exclude evidence of bills related to landscaping and painting is DENIED. (DE 97).

2.    Motion to exclude evidence of criminal charges against defendant Ken Griggs, and to exclude disciplinary actions by the Board, is GRANTED with respect to evidence of criminal charges; the motion is HELD IN ABEYANCE, pending the court's review and further hearing outside the presence of the jury, with respect to evidence of disciplinary action by the Board. (DE 94).

3.    Motion to exclude certain evidence of line item expenses in defendants' business account is GRANTED. (DE 92).

4.   Motion to exclude evidence that the advance deposit was to be held separately, and to exclude evidence that the Contract was anything other than a cost plus contract, is DENIED. (DE 93).

Should there be other basis offered at trial for inclusion of that evidence the court has excluded upon these motions, the offering party shall afford the court notice in advance and make argument outside the presence of the jury.

SO ORDERED, this the 9th day of May, 2016.

 

 

_____
LOUISE W. FLANAGAN
United States District Judge